**UNITED STATES of America,**
Plaintiff,

v.

**Harry E. SMILEN, Defendant.**
Civ. No. 61-C-178.

United States District Court
E. D. New York.
Oct. 23, 1963.

---

234

Joseph P. Hoey, U. S. Atty., Eastern District of New York, for plaintiff.

James N. McCune, Trial Atty., U. S. Dept. of Justice, Washington, D. C., Bernard Wreschner, Jamaica, N. Y. for defendant.

BRUCHHAUSEN, District Judge.

This action was instituted against the individual defendant allegedly a responsible officer of Sunny Vale Stores, Inc., for accrued withholding taxes of $2,277.-98.

The issue is whether Harry E. Smilen was a responsible officer as defined in 26 U.S.C.A. § 6671(b), viz.:

"Person defined.—The term 'person', as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

The facts indicate that this defendant worked as a clerk for Smilen Bros. His father was a principal in this business and thereby enabled to secure such position for his son. Subsequently, the father left the employ of Smilen Bros. and organized Sunny Vale Stores, Inc., wherein he was the president and sole stockholder. His son, the defendant, was elected treasurer of said corporation. He continued in the employ of Smilen Bros. for approximately one year after the incorporation of Sunny Vale Stores, Inc. and then was requested to resign, because of competition. The defendant then went to work for his father as a salaried clerk with the objective of familiarizing himself with the business. The defendant at this time was in his early twenties and completed a six months training course in business administration at N. Y. U. During the year 1950, the father suffered a stroke paralyzing his right side. Each branch of the corporation had its own sales force and manager. Compensation was paid to each employee at the store wherein he functioned. An accountant and bookkeeper recorded the transactions of the business in the ledger accounts. The father supervised the business from his sick bed at the times he was there confined. He was informed of the business by daily reports delivered by his son. The father issued instructions to the son as to payment of bills and the conduct of the business. The defendant signed such checks as were ordered by his father. The father, on such occasions as his health permitted, was driven about by the defendant to the chain stores for visual inspections and meetings with the employees. The uncontroverted testimony clearly establishes that this defendant was merely the alter ego of the father, had absolutely no authority in the operation of Sunny Vale Stores, Inc., and, therefore, is not a person obligated for the subject tax claims, within the meaning of the statute.

The complaint is, therefore, dismissed. Settle order and findings, if desired, on ten (10) days' notice.